# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

REBECCA D. ZELL                                                                                         PLAINTIFF

4:20-cv-01498-JM-JJV

KILOLO KIJAKAZI,
Acting Commissioner,
Social Security Administration,                                                                 DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Jay Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 500 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Pending before the Court is the Commissioner's Motion to Dismiss. (Doc. No. 10). Plaintiff has not responded and the time for doing so has passed. For the following reasons, I recommend that the Motion be GRANTED.

**I.    FACTS**

On January 30, 2020, an Administrative Law Judge (ALJ) issued a decision denying Ms. Zell's claims for disability insurance benefits and supplemental security income. (Doc. No. 10-1 at 8-18.) Ms. Zell sought review by the Appeals Council, but the Council adopted the ALJ's decision. (*Id.* at 25-28.) By letter dated October 15, 2020, the Administration advised Ms. Zell she had sixty (60) days to file a civil action in the United States District Court seeking review of its decision. (*Id*. at 27.) That letter was addressed to "Ms. Rebecca D. Zell 1438 Banner Loop Rd Shirley, AR 72153" (*id.* at 25) with a copy to her attorney, "Donna M. Price Attorney at Law 1723 Highway 330 E Clinton, AR 72031-8663. (*Id.* at 28.) The Commissioner states, "In this

matter, Plaintiff filed a civil action on December 28, 2020, which was 9 days after the statute of limitations expired, including an additional allowable five days of the presumed mailing time of receipt." (Doc. No. 10 at 4.)

Therefore, the Commissioner filed a Motion to Dismiss, (Doc. No. 10), arguing Ms. Zell's Complaint was filed more than sixty (60) days after receipt of the final decision of the Commissioner. The Commissioner further contends that Ms. Zell is not entitled to equitable tolling.

**II.    DISCUSSION**

Title 42 United States Code Section 405(g) provides that:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g); see also 20 C.F.R. 422.210(c) (requiring that a civil action must be instituted within sixty days after the Appeals Council's "notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council is received by the individual, institution, or agency, except that this time may be extended by the Appeals Council upon a showing of good cause"). Per the regulations, a claimant is presumed to have received notice of a denial of request for review five days after the date of notice, "unless there is a reasonable showing to the contrary." 20 C.F.R. 422.210(c). Receipt of notice "by either the individual or the individual's attorney, whichever occurs first, triggers the sixty day limitations period." *Bess v. Barnhart*, 337 F.3d 988, 990 (8th Cir. 2003). Absent equitable tolling circumstances, failure to adhere to the sixty-day limitations period warrants dismissal. *Id*.

In this case, Ms. Zell does not dispute that her Complaint was filed after the sixty (60)

day deadline and offers no basis to show she is entitled equitable tolling. See *Medellin v. Shalala*, 23 F.3d 199, 204 (8th Cir 1994) (equitable tolling permissible in "situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass."). And Courts have "been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving [her] legal rights"); *Harris v. Chater*, No. 95-1013, 1995 WL 620015, *1 (8th Cir. Oct. 24, 1995) (per curiam) (finding no justification for equitable tolling when the filing is late as the result of "garden variety" excusable neglect).

Because Ms. Zell failed to exercise due diligence in preserving her legal rights, I recommend the Commissioner's Motion to Dismiss be GRANTED.

### III.   CONCLUSION

IT IS THEREFORE RECOMMENDED that:

1.   Defendant's Motion to Dismiss (Doc. No. 10) be GRANTED and this matter be DISMISSED without prejudice.

DATED this 1st day of September 2021.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE